OMAHA LOAN & TRUST COMPANY, APPELLEE, v. SAMANTHA KECK ET AL., APPELLANTS.

FILED DECEMBER 18, 1901. No. 10,747.

1. **Judicial Sale:** APPRAISEMENT: RETURN: EVIDENCE: RECITALS. The statute on the subject of judicial sales does not require the appraisers to set out in their return the evidence upon which they acted in making the appraisement; and their duty in this respect is the same whether the defendant's interest be a freehold or a fee simple.

2. **Judicial Sale:** NOTICE. The published notice of a judicial sale is not fatally defective because one who is not a party to the decree is named in the notice among a large number of defendants.

3. **Appraisement:** EVIDENCE. Evidence examined, and found to warrant the conclusion that the appraisement was a just one.

APPEAL from the district court for Buffalo county. Heard below before SULLIVAN, J. *Affirmed.*

*E. C. Calkins* and *H. V. Calkins,* for appellants.

*William Gaslin, contra.*

SULLIVAN, J.

This is an appeal from an order confirming a sale of real estate made by the sheriff of Buffalo county under a decree of foreclosure. Appellants contend that the valuation of

the mortgaged property was too low, and so manifestly unjust as to warrant the inference that the appraisement was fraudulent. We have examined with care all the evidence in the record, but we are unable to find in it anything indicating that the appraisers did not act in perfect good faith. Indeed, we are disposed to think that there is a very strong preponderance of the proof sustaining the appraisement.

It is next contended that the court should have refused confirmation because the method by which the appraisers ascertained the value of appellants' life estate in part of the property is not disclosed by the record. The statute requires the appraisers to fix the gross value of the lands and tenements levied upon or set apart by the decree under which the sheriff is acting, but it does not require them to make any return to the court showing the evidence upon which they acted in fixing such value. The life estate of appellant in lot 89 having been adjudged to be subject to the lien of plaintiff's mortgage, it became the duty of the appraisers to ascertain the gross value of that estate; but they were not required to make a return to the court showing by what means or upon what evidence their conclusion was reached. The duty of appraisers in fixing and reporting gross valuation is precisely the same whether the estate be a fee simple or a freehold. It is the business of appraisers to ascertain the real value of the property and if this has been done it is not important whether the evidence upon which they acted was the best obtainable.

Another argument against the validity of the sale is that the notice did not accurately describe the decree. There were, it seems, six defendants affected by the decree, namely: "Ella Perin, Mary Keck, Briggs S. Keck, George S. Keck, Lawrence C. Keck, and Clara Keck Hemingway." In the notice of sale the decree is described as having been rendered in an action wherein the Omaha Loan & Trust Company was plaintiff and "Samantha Keck, Josiah L. Keck, Nelson Perin, W. A. Downing et al.," were defendants. The title of the cause was "Omaha Loan & Trust Company, Plaintiff, vs. Samantha Keck, J. L. Keck, Nel-

son Perin, Ella Perin, his wife, W. A. Goodman, and ——
Goodman his wife (first name unknown), Kearney Pro-
duce Company, George S. Keck, A. Fred Cole, Mark Keck,
Lawrence C. Keck, Briggs S. Keck, Clara Keck Heming-
way, —— Hemingway, her husband, defendants." The
notice was therefore inaccurate, but we can not believe that
it was misleading or that the appellant was prejudiced by
it. Upon this point *Nebraska Loan & Trust Co. v. Hamer*,
40 Nebr., 281, is a decisive authority.

The order of confirmation is

AFFIRMED.